# JOHNSTON RUFFLER Co. *v.* AVERY MACHINE Co.[1]

*(Circuit Court, S. D. New York. July 27, 1886.)*

1. PATENTS FOR INVENTIONS—INVENTION—IMPROVEMENT, SCOPE OF PATENT FOR.

   Where an invention is of an improvement upon a pre-existing machine, a patent for such invention covers only the particular improvement.

2. SAME—No. 324,261. CONSTRUED.

   Letters patent No. 324,261. of August 11, 1885, to Allen Johnston, for a ruffling or gathering attachment for sewing-machines, is for an improvement merely on a pre-existing machine, and while apparently good for its mechanism, it does not appear to be good beyond that.

3. SAME—ACQUIESCENCE—CONSTRUCTION—PRELIMINARY INJUNCTION REFUSED.

   A patent which had been issued less than a year, *held* too recent to have acquired any settled construction by acquiescence, and, it never having received any construction by judgment or decree, and its construction being doubtful, a preliminary injunction to restrain the use of different mechanism, alleged to infringe, refused.

In Equity.

*John Dane, Jr.,* for plaintiff.

*E. A. West,* for defendant.

WHEELER, J. The orator moves for a preliminary injunction to restrain alleged infringement of claims 7 and 8 and 10 and 11 of patent No. 324,261, dated August 11, 1885, and granted to Allen Johnston, for a ruffling or gathering attachment for sewing-machines. The seventh claim is for the combination with a ruffler-blade, mechanism for reciprocating it, and means for regulating its stroke, and changing its forward limit, of additional independent means for regulating its forward limit, substantially as described; the eighth is for the same combination, including the ruffler frame, with a separator, and its attachments; the tenth is for a ruffling or gathering attachment. comprising, in combination with a ruffler-blade and mechanism for reciprocating it, regulating means for giving the adjustments mentioned in the seventh claim; and the eleventh is for such attachment, provided with a detachable separator, and comprising, also, in combination with the ruffler-blade, mechanism for reciprocating it, and regulating means for giving the three adjustments. The separator appears to operate with these rufflers precisely as with other kinds well known before the patent, and to add nothing to what is patented in the seventh and tenth claims by being made a part of the combination described in the eighth and eleventh claims. So, also, as to the addition of the ruffler frame of the eighth claim; and the tenth claim is really the same as the seventh, so that the whole question now involved really rests upon the seventh claim.

The specification describes mechanism for reciprocating the ruffler-blade, and means for regulating its stroke, and the forward limits

---

[1] Edited by Charles C. Linthicum, Esq., of the Chicago bar.

of its motion, and independent means for regulating it at its forward limit. The defendant's machines have the ruffler-blade, and means for regulating its stroke, and the forward limits of its motion, and independent means for regulating its forward limit. The mechanism and means of the defendant are, however, different from those of the orator. The orator regulates the length of the stroke of the ruffler-blade by changing the position of an eccentric between stops, and regulates the forward limit of the stroke by a lever worked by a set-screw, which changes the line of the points of contact of the operating lever. The defendant regulates the length of stroke by changing the distance between the pivotal points of compound levers by a set-screw, and regulates its forward limit by changing the length of a set-screw against which the arm works to give the forward motion. These mechanisms and means accomplish the same results in ruffling-machines, but not in the same way. This invention is not the first of the ruffler, nor the first of a ruffler-blade, with a stroke adjustable to the fullness of the gathers desired, nor the first of an adjustment of the forward limit of the stroke; but it may be the first of mechanism to regulate the length of the stroke with reference to the fullness of the gathers, and the forward limit of the stroke with reference to the place of the needle at the same time. If so, it is an invention of an improvement merely on a pre-existing machine. The patent for the invention would cover what the inventor invented, which would be the particular improvement that he made. *Railway Co.* v. *Sayles*, 97 U. S. 554. He could have a valid patent, apparently, for the mechanism which he invented to give motion to the ruffler-blade, and adjust its stroke, and regulate its limit, but not, it would seem, for a ruffler having a blade with an adjusted stroke and regulated limit, nor for a combination of adjustments and limits, without reference to the mechanism of the adjustments and regulations. *Le Roy* v. *Tatham*, 14 How. 156; *O'Reilly* v. *Morse*, 15 How. 62. While the patent is apparently good for the mechanism, the defendant does not appear to use that, and the patent does not, on this examination, appear to be good beyond that.

The patent is too recent to have acquired any settled construction by acquiescence, and it has never received any construction by judgment or decree. These considerations as to its scope stand so much in the way of granting a preliminary injunction that this motion must be denied. Motion denied.