## NILSSON v. JEFFERSON et al.

(Circuit Court, N. D. California.     December 31, 1896.

### No. 12,296.

1. PATENTS—PRELIMINARY INJUNCTION—ACQUIESCENCE.

     A patent only eight months old is too recent to have received sufficient acquiescence to warrant a preliminary injunction.

2. SAME—PECUNIARY RESPONSIBILITY.

     Where defendants are pecuniarily responsible, and their infringing device is for use by themselves, and not for sale, there cannot be such irreparable injury as will overweigh the considerations against granting the injunction.

This was a suit in equity by Carl E. Nilsson against C. B. Jefferson and others for infringement of a patent for an aerial ballet. The cause was heard on motion for preliminary injunction.

J. J. Scrivner, for complainant.

Naphtaly, Friedenrich & Ackerman and John L. Boone, for respondents.

McKENNA, Circuit Judge (orally). This is an application for an injunction pendente lite on a bill for infringement of a patent and for an accounting. The patent is for an aerial ballet, and is described in the specifications by the patentee as follows:

"My invention relates to improvements in stage apparatus, and the object of my invention is to produce a simple apparatus which is adapted for use in producing an aerial ballet, and which, by being arranged above a stage, is capable of supporting ballet dancers in mid air, and may be conveniently and easily manipulated, so as to give to the aerial dancers the appearance of floating in the air, or moving laterally, and also of moving up and down."

There were affidavits filed supporting the bill, and affidavits against it. The facts need not be detailed.

It is conceded that an injunction pendente lite should not be granted unless the remedy is clearly demanded, upon a clear title and a clear detriment. An injunction certainly interrupts action. It may interrupt rights, and therefore do, instead of preventing, an irreparable injury, unless great care be used. This admonition is constantly made in the cases, and must be heeded now.

There is an objection to the jurisdiction. That is easily disposed of. The foundation of the action is an injunction. The accounting for profits is but incidental to that, and, if the bill should exclude the fact of the existence of royalties as a condition of equitable remedy, as contended for by the respondents, which I do not decide now, but only mention, it may be corrected by amendment. The same remarks apply to the other defects which are urged against the bill. We shall, therefore, assume the amendments as made, and the bill as sufficient, as also the affidavits.

The patent is a very recent one, issued in April of this year,—only eight months ago. It is conceded that the necessary conditions of an injunction pendente lite are: First, a judgment establishing the validity of the patent; second, an acquiescence in the patent for such a length of time as to afford a reasonable presumption of its

validity; third, the conduct of the respondents; fourth, conceding validity infringement. An infringement is not denied in this case, which leaves the issue, therefore, upon the validity of the patent.

There is no judgment, at law or otherwise, establishing its validity. Acquiescence in the patent for such a length of time as, under the conditions of the cases, would import a reasonable presumption of validity, is not established by the showing. Neither the facts relied on nor the time is sufficient. Judge Wheeler said, in Johnston Ruffler Co. v. Avery Mach. Co., 28 Fed. 193, of a patent 11 months old, that it was too recent to have acquired any settled construction by acquiescence, and it had never received any construction by judgment or decree. Those remarks of Judge Wheeler are applicable to the patent in the case at bar. In that case there were, of course, circumstances not in this case, but upon that one point it is authoritative, if authority be needed.

Nor do I think there has been a concession of the validity of the patent by the respondents. There is an allegation of surreptitious making. But the apparatus is not one for sale, nor was it made for sale. It was only made for use, and by its use by respondents there seems to be everything but concession of its validity.

But, passing this, I doubt if an injunction should be granted anyway. I must say that I do not like the affidavits of the respondents. They are either evasive or very careless. They deny very little and affirm not very much, but their deficiency cannot alter or supply the defects in the complainant's showing, nor change the difference of inconvenience, maybe of injury, which would result in granting an injunction rather than in denying it.

There is no allegation of irresponsibility—pecuniary irresponsibility—in the respondents, or either of them. Indeed, there is an assumption that the Palmer-Cox Company, especially, is a powerful one. If so,—if all the respondents are pecuniarily able to satisfy damages or to respond to profits,—there cannot be such irreparable injury as will balance or overweigh other considerations against granting an injunction. Besides, the owner of a new patent must expect the delay necessary to establish his title, and the complainant seems to have had earlier opportunities to do so than the pending suit, of which he did not avail himself. I do not think he was guilty of laches, as properly understood and applied in the cases cited; but there is some justification for the accusation that he waited until some of the respondents were far from their residence, maybe the most important ones, and far from the means of a perfect information of the facts with which to reply to his allegations.

At any rate, upon a careful consideration of all the circumstances, —and I have given them very careful consideration, looking through all the different authorities, and taking time, as counsel knows, to decide the matter,—I think an injunction should be denied; and it is so ordered.